| AOC-105           Doc. Code: CI | | Case No. 10-CI- 025 |
|---|---|---|
| Rev. 1-07         02/5/2010 09:24 am | | Court  ☑ Circuit ☐ District |
| Page 1 of 1       Ver. 1.02 | | |
| Commonwealth of Kentucky | | |
| Court of Justice   www.courts.ky.gov | | County  Butler |
| CR 4.02; CR Official Form 1 | CIVIL SUMMONS | |

**PLAINTIFF**

RICHARD T. C. WAN

VS.

**DEFENDANT**

CHASE BANK, USA NATIONAL ASSOCIATION

**Service of Process Agent for Defendant:**

The Corporation Trust Company

Corporation Trust Center

1209 Orange Street

| Wilmington | Delaware | 19801 |
|---|---|---|

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 2-5, 2010          Melissa Cardwell          Clerk
                         By: Amanda Strasburger   D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

Title: _____

**COMMONWEALTH OF KENTUCKY**
**BUTLER CIRCUIT COURT**
**CIVIL ACTOIN No. 10-CI- 0025**

**RICHARD T. C. WAN**            **PLAINTIFF**

vs.


FILED
MELISSA CARDWELL, CLERK
FEB 5 2010
BUTLER CIRCUIT DISTRICT COURTS
BY: OS D.C.

**CINDY BLACK**
109 Church Street
Woodbury, Kentucky 42288

**CHASE BANK, USA, NATIONAL ASSOCIATION**            **DEFENDANTS**

Serve:      The Corporation Trust Company
             Corporation Trust Center
             1209 Orange Street
             Wilmington, Delaware 19801

Serve:      Kentucky Secretary of State
             P.O. Box 718
             Frankfort, Kentucky 40602

## COMPLAINT

Comes the Plaintiff, Richard T.C. Wan, by counsel and for his cause of action herein, and states as follows:

### COUNT I

1.      At all times relevant hereto, the Plaintiff, Richard T.C. Wan, was a citizen and resident of Butler County, Kentucky, his specific address being 112 Sunset Loop, Morgantown, Kentucky 42261.

2.      The, Defendant, Chase Bank, USA National Association (hereinafter "Chase Bank") is a Delaware corporation with its principal place of business being 200 White Clay Center, Newark, Delaware 19771. Chase Bank has designated as its agent for service of

process in the State of Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

At all times relevant hereto, this Defendant was doing business in the Commonwealth of Kentucky, but was not specifically licensed and authorized to do so and has continuously failed to appoint an agent within this state for service of process. Therefore, pursuant to KRS 454.210, the Secretary of State is the statutory agent for service of process.

3. Defendant, Chase Bank's, actions as stated herein violate the Fair Credit Reporting Act (15 U.S.C.A. §1681) which provides this Court with jurisdiction pursuant to 15 USCA §1681p.

4. On November 22, 2006, it is believed that Defendant, Cindy Black (hereinafter "Black") requested a credit card in the name of Plaintiff, Richard T.C. Wan, from Defendant, Chase Bank.

5. On a date unknown to Plaintiff, Defendant, Chase Bank, issued a credit card in the name of Richard T.C. Wan, to Defendant, Cindy Black.

6. The opening of the credit account with Defendant, Chase Bank, by Black, was fraudulent and unauthorized, and Defendant, Chase Bank, mailed said credit card to Black, directly or to a location where she could access the credit card, wholly without the request, knowledge, or consent of Plaintiff.

7. From time to time, during the years 2006, 2007 and/or 2008, Black purchased merchandise from Defendant, Chase Bank, using the credit card issued by the Defendant in the name of Plaintiff.

8. Defendant, Chase Bank, accepted Black's signature on all charges made by Black under the account in the name of Richard T.C. Wan, with the last four digits of the account number being 7939.

9. The above identified transactions and occurrences between Black and Defendant, Chase Bank, were wholly without the knowledge, consent or approval of Plaintiff.

10. As a direct result of the purchases made by Black using the described credit card, Defendant, Chase Bank, claims that Plaintiff owes said bank the sum of Fourteen Thousand Sixty-Nine Dollars and Five Cents ($14,069.05) on account number xxxxxx7939, as of November 7, 2008.

11. Immediately upon discovering that the above specified credit card was obtained by fraud, Plaintiff reported this fact to Defendant, Chase Bank, by telephone. Plaintiff was informed that the matter would be investigated.

12. After the initial phone call made to Defendant, Chase Bank, said Defendant continued to demand payment of Plaintiff on the fraudulent account.

13. Plaintiff followed up his telephone conversation by sending a letter to Defendant, Chase Bank regarding the fraudulent credit card account. A copy of the referenced letter is attached hereto, incorporated by reference, and marked as Exhibit "A" for purposes of identification.

14. Defendant, Chase Bank, never informed Plaintiff of the results of the investigation and requested Plaintiff to sign an affidavit regarding the fraudulent account.

15. Plaintiff executed the affidavit to on October 31, 2008, and provided the same to Defendant, Chase Bank. A copy of the Affidavit is attached hereto, incorporated by reference and marked as *Exhibit "B"* for purposes of identification. Plaintiff was again required to execute another Affidavit on August 21, 2009, a copy of which is attached hereto and marked as *Exhibit "C"* for purposes of identification.

16. Plaintiff has continuously and repeatedly contacted the Defendant, Chase Bank, by telephone to inform the Bank that said account is a fraudulent account and that it should cease billing Plaintiff for same.

17. Defendant, Chase Bank, delayed in formally responding to Plaintiff's request for an investigation and continued a campaign of harassment and intimidation against Plaintiff. The campaign was calculated and conceived to force Plaintiff to pay debts which were known to Defendant, Chase Bank, to be unjustified. Furthermore, Defendant, Chase Bank, attempted to force Plaintiff to pay those debts through a collection agency. A sample of the collection letters received by Plaintiff are attached hereto, incorporated by reference, and marked as *Exhibit "D"* for purposes of identification.

18. Defendant, Chase Bank, its agents, servants, employees, or assigns, made several calls to the Plaintiff's work office and informed employees of the Plaintiff of the delinquent account. Defendant, Chase Bank conduct was outrageous, unreasonable and without justification. The conduct was willful and deliberate and was said intended by Defendant to result directly in severe emotional distress and anxiety to Plaintiff. Defendant, Chase Bank, notified Plaintiff that the credit card account was being closed because of Plaintiff's default.

19. Defendant, Chase Bank, forwarded this information to various credit reporting agency's which negatively affected Plaintiff's credit score. Since notification of the closing of the credit card account by Defendant, Chase Bank, Plaintiff has been unable to use various other credit card accounts, through either his business or himself individually.

20. Plaintiff has had and continues to have his credit damaged as a result of Defendant's, Chase Bank, closure of his account.

21. It is believed that Defendant, Chase Bank, may have contacted Black as to this fraudulent account and Black may have made payments to resolve said deficiencies.

22. Plaintiff made demand upon Black to show proof of payment made to Defendant, Chase Bank, Black provided Plaintiff with a copy of her checking account which indicated two payments made to Chase Bank. A copy of the referenced proof of payment is attached, incorporated by reference and marked as Exhibit "E" for purposes of identification.

23. The acts of Defendant, Chase Bank, as alleged in this Complaint, were done wantonly, willfully and maliciously without regard to the effect on Plaintiff, and in violation of the Fair Credit Reporting Act 15 USCA §1681.

24. Specifically, Defendant, Chase Bank, has failed to:

(a) thoroughly investigate this matter as to whether the credit card account opened and issued by said Defendant was fraudulent;

(b) failed to reinvestigate the accuracy of completeness of any information provided to the credit reporting agencies;

(c) failed to remove any inaccurate information provided to the credit reporting agencies; and

(d) failed to include Plaintiff's version of the facts regarding any retained information or disputes made by Plaintiff.

25. As a direct and approximate result of Defendant's, Chase Bank, negligence or willful actions, Plaintiff has suffered damages as a result of the fraudulently issued credit card and continued harassment regarding the fraudulent account.

26. As a direct and proximate result of the actions of Defendant, Chase Bank, Plaintiff has had to hire an attorney to settle this dispute and therefore has incurred attorney fees and costs which should be reimbursed by this Defendant.

## COUNT II

27. Plaintiff adopts, reiterates, and realleges each and every allegation contained in Count I to this Complaint.

28. As stated, Defendant, Chase Bank, issued a credit card bearing charge account number xxxxxx-7939 in the name of Plaintiff.

29. On various occasions, Plaintiff received from Defendant, Chase Bank, a billing statement, for purchases Black charged on the credit card issued by this Defendant.

30. Plaintiff notified Defendant, Chase Bank, in writing of the error appearing on Plaintiff's billing statement. A copy of such notice is attached has previously been attached

and incorporated herein as Exhibit "A". The billing statement was erroneous due to the fraudulent account opening by Black thus causing the billing statement to be over stated.

31. Defendant, Chase Bank, failed to acknowledge Plaintiff's written notice within thirty (30) days as required by the Federal Fair Credit Billings Act, 15 U.S.C.A. §1666(a)(3)(A).

32. Without complying with the requirements of the Federal Fair Credit Billings Act for dispute resolution, Defendant, Chase Bank, reported to various credit agencies and credit bureaus that the disputed amount was delinquent.

33. Defendant, Chase Bank, reporting the disputed amount to the various credit agencies and credit bureaus was in violation of the provisions of 15 U.S.C.A. §1666(a) and 12 C.F.R. §226.1(d)(2).

34. On several occasions, Plaintiff was rejected for a new credit account at various locations, whereupon Plaintiff discovered that the reason for the credit card rejection was that Defendant, Chase Bank, had reported Plaintiff to the various credit reporting agencies and/or credit bureaus as being delinquent. Contrary to 15 U.S.C.A. §1666(a), Defendant, Chase Bank, reported a deficiency without first notifying Plaintiff that the report was being made or without notifying the credit bureau that the Plaintiff disputed, Defendant, Chase Bank's, claim.

35. As a result of Defendant, Chase Bank's, wrongful acts and omissions Plaintiff has suffered embarrassment, humiliation, mental anguish and damage to his reputation.

36. In addition, pursuant to 15 U.S.C.A. §1640(a), Defendant, Chase Bank, is liable to Plaintiff for twice the amount of the finance charges assessed by Defendant, Chase Bank, against Plaintiff, and for Plaintiff's reasonable attorney fees.

37. Additionally, pursuant to 15 U.S.C.A §1666(b), Defendant, Chase Bank, is liable to Plaintiff on account of said Defendant's above described violation of 15 U.S.C.A. §§1666 and 1666(a).

## COUNT III

38. Plaintiff adopts, reiterates, and realleges each and every allegation contained in Count I and Count II to this Complaint.

39. As stated Defendant, Chase Bank, reported to various credit agencies and/or credit bureaus that the Plaintiff was delinquent on fraudulent credit card account number xxxxxx-7939 in the name of Plaintiff.

40. The libel, slander and/or defamatory material that Defendant, Chase Bank, published, reported and/or caused to be communicated to others and to the public included fraudulent identity theft debt and affected him both personally and his business as follows:

  (a) report to various credit agencies;

  (b) denied a mortgage;

  (c) reported to various office staff; and

  (d) reported to each of the credit reporting agencies.

41. Said false, defamatory, libelous and slanderous statements began in or about 2008 and are continuing as of the date of the filing of this Complaint, notwithstanding the fact that Plaintiff has disputed the debt and has furnished proof to Defendant, Chase Bank, with two affidavits of the fraudulent activity.

42. As of the date of this Complaint, Defendant, Chase Bank, is still continuing to report the above account as a deficiency and has negatively affected the Plaintiff's ability to obtain credit.

43. Defendant, Chase Bank, failed or refused to conduct a valid investigation of the disputed account and instead, continued to report false and inaccurate information.

44. Defendant, Chase Bank, attributed such false account to Plaintiff and reported such information monthly on a regular cycle in accordance with its subscription with consumer reporting agencies.

45. Defendant, Chase Bank, recklessly, maliciously and/or intentionally failed or refused to accept, review and/or consider all relevant information provided by Plaintiff and/or available through Black.

46. Defendant, Chase Bank, was required to conduct a reasonable, timely and more thorough investigation of the Plaintiff's dispute and to respond to the consumer reporting agencies to which it subscribes with truthful, complete and relevant information. Defendant, Chase Bank, failed and refused to do so.

47. Plaintiff has suffered damages that are direct and proximate result of Defendant, Chase Bank's, wrongful acts and omissions, including but not limited to, defamation, libel, slander, fraud, consumer fraud, intentional tort, gross wrongful acts and/or gross negligence.

48. Defendant, Chase Bank, knew, should have known or consciously avoided knowing that the information repeatedly reported about Plaintiff was false and attributed to him. Defendant, Chase Bank, was further notified directly by Plaintiff of the errors, mistakes, identity theft, fraudulent activity, other applicable information and the dispute by Plaintiff; yet Defendant, Chase Bank, failed to report such information as disputed to the consumer reporting agencies.

49. The information reported by Defendant, Chase Bank, to various third parties was negative and damaging to Plaintiff. Plaintiff's damages include repeated credit denials, potential or actual loss of business, personal reputation, loss of income, cost and time to repair credit, postage, photocopying, attorney fees and other related expenses.

50. A credit report of Plaintiff is attached hereto and incorporated by reference as *Exhibit "F"*.

51. Defendant, Chase Bank, recklessly, maliciously and intentionally published and discriminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

52. Defendant, Chase Bank, publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and has caused him severe humiliation, emotional distress, mental anguish and physical injuries and damages.

53. Defendant, Chase Bank, also breached its various and multiple agreements and contracts with consumer reporting agencies and/or their affiliates to whom it subscribes by continuously reporting fraudulent credit information about Plaintiff.

54. Defendant, Chase Bank, was and is aware that its reporting in-activities were, and will, damage the Plaintiff and his ability to enjoy life and utilize his credit rating and reputation properly by honoring his obligations to his creditors.

55. Defendant, Chase Bank, has engaged in unfair deceptive trade and business practices along with violations of consumer fraud and is liable to Plaintiff for those violations.

56. Defendant, Chase Bank, is liable to Plaintiff for all actual, statutory, compensatory, exemplary and punitive damages claimed in this case, as well as all other demands and claims as stated in this Complaint, including but not limited to out of pocket expenses, credit denials, costs and time of repairing Plaintiff's credit, pain and suffering, embarrassment, inconvenience, loss, economical opportunities, loss of incidental time, frustration, emotional distress, mental anguish, physical injuries and damage, fear of personal and financial safety security, attorney fees, court costs and other damages and/or assessments proffered by law and all other applicable federal and state laws together with legal interest thereon from the date of the acts or omissions and such from the date of demand, as applicable, to Plaintiff.

57. Plaintiff's damages are in excess of the jurisdiction limits of this Court.

WHEREFORE, the Plaintiff, Richard T.C. Wan, demands relief as follows:

(1) Judgment against Defendant, Chase Bank, in a sum in excess of the jurisdictional limits of this Court;

(2) For trial by jury; and

(3)     For any other relief to which he may be entitled.

_____
JUSTIN S. KEOWN
**CONWAY & KEOWN**
124 West Union Street
P. O. Box 25
Hartford, KY 42347
Telephone:    270-298-3231
Facsimile:     270-298-7855

## **VERIFICATION**

Plaintiff, Richard T. C. Wan, states that he has read the foregoing Complaint and that the statements and allegations contained therein are true to the best of his knowledge and belief.

_____
RICHARD T. C. WAN

Subscribed and sworn to before me by Richard T. C. Wan, on this the 8th day of December, ~~2009~~ 2010.

_____
NOTARY PUBLIC

My Commission Expires: May 30, 2010

# CONWAY & KEOWN
## ATTORNEYS AT LAW

124 West Union Street
Post Office Box 25
Hartford, Kentucky 42347
TELEPHONE (270) 298-3231 • FACSIMILE (270) 298-7855

A. V. CONWAY, II
Licensed in KY & TN

JUSTIN S. KEOWN
Licensed in KY

June 20, 2008

Ms. Rina Carroll
Customer Support Division
Cardmember Service
P. O. Box 15548
Wilmington, DE 19886-5548

        Re:    Account Ending in 7939

      In Re:   Your letter to Dr. Richard T. Wan

Dear Ms. Carroll:

      This letter is to inform you that our firm has been retained to represent Dr. Richard T. Wan. Dr. Wan has advised us that he did not apply for nor has he used the referenced account in your letter of May 26, 2008. Dr. Wan believes this account has been fraudulently opened by someone other than himself. Therefore, this letter is to request the following:

- A full and complete copy of the application for credit card services; and

- An itemization of all charges made to this account.

      This request is to include and reflect the signature(s) that were affixed to any application for credit.

      Until this information is received and Dr. Wan has the opportunity to review the same, Dr. Wan does not intend to make any payment toward the amount owed.

**Exhibit "A"**

Case 1:10-cv-00051-JHM-ERG   Document 1-2   Filed 03/18/10   Page 13 of 13 PageID #: 15



**CONWAY & KEOWN**
——— ATTORNEYS AT LAW ———

June 20, 2008
Page 2

<u>Lastly, we ask that you defer from reporting of any delinquent payment in regard to this account to any credit agency until this matter is fully investigated and resolved.</u>

Again, please provide us with the information contained in your file on this account so that Dr. Wan can proceed accordingly.

We look forward to hearing from you.

Sincerely,

CONWAY & KEOWN

Justin S. Keown

JSK:sbc

copy:  Dr. Richard T. Wan

*Via Certified Mail*